UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES D. STEFFENS,

    Plaintiff,

v.                                               Case No: 8:19-cv-1940-KKM-AAS

CHRISTOPHER NOCCO, Pasco County Sherriff,

    Defendant.
_____

## ORDER

Plaintiff James Steffens brings multiple claims against Defendant Christopher Nocco, Pasco County Sheriff, related to his employment at the Pasco County Sheriff's Office. (Doc. 32.) Upon Nocco's motion to dismiss, the Court dismissed Counts III and V of the Amended Complaint. (Doc. 41.) Nocco moves for partial judgment on the pleadings, arguing that Counts II and IV fail to state a claim for relief. (Doc. 44.) The Court agrees and grants the motion.

"Judgment on the pleadings is appropriate when no issues of material fact are raised in the pleadings and the movant is entitled to judgment as a matter of law." *Jones v. NordicTrack, Inc.*, 236 F.3d 658, 660 (11th Cir. 2000). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)."

*Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Thus, to survive a motion for judgment on the pleadings, the complaint must contain enough facts to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a motion for judgment on the pleadings, a court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

First, Nocco has failed to state a plausible claim for relief in Count II. Count II of the Amended Complaint alleges that Nocco violated 42 U.S.C. § 1983. But "[s]ection 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)) (alterations omitted). Therefore, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.* Steffens has not identified any constitutional right that Nocco violated. In his response to the motion for judgment on the pleadings, Steffens alludes to a First Amendment retaliation claim, but that claim does not appear in the pleadings. The Court must not consider a claim raised for the first time in a response to a motion for judgment on the pleadings. *See Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) ("Because Huls raises this argument for the first time in his response to Llabona's motion to dismiss, instead of seeking leave to file an amended complaint . . . , it was not

properly raised below."). Without an alleged violation of a constitutional right, Steffens has not stated a plausible claim for relief in Count II. And given that the Court already permitted Steffens—who is represented by counsel—an opportunity to amend his complaint (*see* Doc. 30) and because Steffens does not seek leave to amend his amended complaint, the Court will not sua sponte permit him yet another chance at this belated hour to remedy pleading deficiencies.

Count IV similarly fails to state a plausible claim for relief. In Count IV, Steffens brings a claim of "Retaliation" but does not specify the legal basis for his claims. As Nocco accurately notes, there is no common law tort action for retaliation through wrongful dismissal in Florida, so any right against retaliation must be created by statute. *See Kelly v. Gill*, 544 So. 2d 1162, 1164 (Fla. 5th DCA 1989); *McElrath v. Burley*, 707 So. 2d 836 (Fla. 1st DCA 1998) ("The legislature created [statutory rights protecting employees from employment discrimination and retaliation] in derogation of the common law rule that Florida employees may be hired or fired at will."). But Steffens does not specify which statutory rights he seeks to vindicate. In his response, Steffens points to the Amended Complaint's violations of § 1983 to provide notice of what claims he is bringing, but as explained above, § 1983 only provides a cause of action for a violation of a constitutional right. It does not itself give rise to any substantive rights. Without identification of the basis of his retaliation claim, Steffens has not stated a plausible claim of relief in Count IV.

3

*See West Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, No. 2:06-cv-118-FtM-29DNF, 2006 WL 3837366, at *4 (M.D. Fla. Dec. 29, 2006) ("Neither defendants nor the Court should be required to guess at the identity of the applicable statutory claims.").

Accordingly, Nocco's Motion for Partial Judgment on the Pleadings (Doc. 44) is **GRANTED**. The case shall proceed only as to Count I.

**ORDERED** in Tampa, Florida, on August 18, 2021.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge