UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES D. STEFFENS,**

    **Plaintiff,**

v.                                           Case No. 8:19-cv-1940-KKM-AAS

**CHRISTOPHER NOCCO, in his official
Capacity as Pasco County Sheriff**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Defendant Sheriff Nocco requests an award of taxable costs under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. (Doc. 88). Plaintiff James Steffens defers to the court on the matter. (Doc. 90).

    **I.**    **BACKGROUND**

Mr. Steffens filed an amended a five-count complaint alleging racial discrimination and unlawful employment practices at the Pasco County Sheriff's Office. (Doc. 1). Two counts were dismissed at the motion to dismiss stage (Doc. 41), and two additional counts were dismissed at the motion for partial judgment stage. (Doc. 66). Summary judgment was granted in favor of Sheriff Nocco on the remaining count. (Doc. 85). The court entered judgment in favor of Sheriff Nocco, (Doc. 86), and Sheriff Nocco subsequently moved for

1

taxable costs. (Docs. 89). Mr. Steffens appealed the judgment, and the appeal remains pending before the Eleventh Circuit. (Doc. 91).

## II. ANALYSIS

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "one who has been awarded some relief by the court." *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs.*, 452 F.3d 1254, 1257 (11th Cir. 2006) (citation omitted). In awarding costs, courts are limited to those listed in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). It is within the court's discretion to deny a full award of costs if the court has, and states, a sound reason. *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

The categories of taxable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are obtained for the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. 28 U.S.C. § 1920.

Having obtained judgment in his favor, Sheriff Nocco is the prevailing party and entitled to taxable costs. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("[T]he litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)"). Sheriff Nocco requests an award of $6,683.73 in taxable costs, which represents: (1) fees for service of third-party subpoenas ($130.00); (2) deposition fees ($6,125.00); (3) expert appearance fees ($40.00); and (4) photocopying charges for Mr. Steffens's medical records ($388.73).

**A. Third-Party Service Fees**

Sheriff Nocco requests the court award fees incurred for serving a third-party subpoena on Mr. Steffens's witness Art Fremer. (*See* Doc. 88, pp. 3–4). Under Section 1920(1), a prevailing party may recover service of process costs for the complaint, deposition subpoenas, and trial subpoenas. *Powell v. Carey Int'l., Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008). Courts can tax costs for a private process server's fee, but the fee should not exceed the statutory maximum authorized for service by the U.S. Marshals Service. *EEOC v. W & O, Inc.*, 213 F.3d 600, 623–24 (11th Cir. 2000). According to regulations proscribed by the Attorney General, the U.S. Marshals Service may charge $65 per hour for each item served, plus travel costs and other out-of-pocket expenses. 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3). Sheriff Nocco requests $130.00 in costs associated with serving Fremer two subpoenas. These service costs follow the statutory maximum authorized for service by the U.S.

3

Marshals Service. Thus, Sheriff Nocco's compensable costs for service should be **$130.00**.

### B. Deposition Fees

Under Section 1920(2), courts may tax costs for transcripts necessarily obtained for use in the case. To be compensable, deposition transcripts need not be used at trial. *U.S. E.E.O.C.*, 213 F.3d at 621. But the prevailing party must have taken the deposition about an issue the parties contested when the deposition occurred. *Muldowney v. MAC Acquisition, LLC*, No. 1:09-cv-22489-PCH, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010). "Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable.'" *Id.* (*quoting Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992)).

Sheriff Nocco argues acquisition of original deposition transcripts of Mr. Steffens, Mr. Steffens' wife, Mr. Steffens' financial expert Kristy Kirby, Major Jeff Peake, and Art Fremer, as well as acquisition of copies of deposition transcripts for Sheriff Nocco, Kenneth Gregory, and Jeffrey Harrington were necessarily obtained for use in the case, including evaluation of Mr. Steffens' allegations and for support in Sheriff Nocco's motion for summary judgment. (Doc. 88, pp. 5–6). *See Hunsader v. Melita*, No. 8:12-cv-2080-JDW-MAP, 2014 U.S. Dist. Lexis 40185 at *4–5, n.2 (M.D. Fla. Mar. 26, 2014) ("Under § 1920(2),

4

a district court may tax costs associated with the depositions submitted by parties in support of summary judgment motions") (*citing United States EEOC v. W&O, Inc.*, 213 F.3d 600, 620–621 (11th Cir. 2000)).

Sheriff Nocco also requests recovery of the court reporter appearance fees associated with depositions of Mr. Steffens's witnesses. (Doc. 88, p. 5). Section 1920 does not specifically allow for certain deposition costs such as court reporter appearance fees. However, courts in this district have permitted recovery of court reporter fees. *See Miller v. Allstate Prop. & Cas. Ins. Co.*, No. 8:17-cv-3056-WFJ-CPT, 2020 WL 4750888, at *1 (M.D. Fla. Aug. 17, 2020); *Brazill v. Miners*, No. 8:14-cv-3131-JDW-JSS, 2018 WL 1609960, at *2 (M.D. Fla. Apr. 3, 2018) (citations omitted); *Chico's FAS, Inc. v. Clair*, No. 2:13-cv-792-SPC-MRM, 2018 WL 1833134, at *9 (M.D. Fla. Jan. 25, 2018) (noting "it makes little sense" to exclude appearance fees when court reporters are necessary to conduct depositions).

Sheriff Nocco should be awarded its costs for the deposition testimony of Art Fremer ($215.00 for the first deposition and $368.71 for the second), Kristy Kirby and Mr. Steffens' wife ($1210.75 for both, taken on the same day), Jeffrey Harrington ($209.25), Kenneth Gregory ($243.00), Sheriff Nocco ($204.75), and Mr. Steffens ($2853.50). Sheriff Nocco has established the necessity of these deposition transcripts in building his case. However, Sheriff Nocco has not explained the necessity of expending $820.00 (i.e., $10.00 per each of the 82

pages) for obtaining a daily copy of witness Jeffrey Peake's deposition transcript. (*See* Doc. 87, Ex. 2). It appears the same court reporter typically charged a standard rate of approximately $2.25 per page of deposition transcript testimony. (*See Id.*). Using that standard rate instead of the $10.00 per page daily rate, it would be more appropriate to award Sheriff Nocco $184.50 for the 82-page transcript of Jeffrey Peake's deposition. Thus, Sheriff Nocco's compensable costs for deposition transcripts should be **$5,489.46** instead of the $6,125.00 requested.

### C. Expert Appearance Fees

Witness fees are taxable as costs under Section 1920(3), although the amount is limited to the $40 attendance fee enumerated in Section 1821. *See e.g., Williams v. Target Corp.*, 2012 U.S. Dist. LEXIS 200785 at *13 (M.D. Fla. Jan. 23, 2012). Sheriff Nocco argues deposition of Mr. Steffens's expert was necessary to evaluate Mr. Steffens's claim for economic damages. (Doc. 88, p. 7). Sheriff Nocco wishes to recover $40 out of the $600 actually charged by the expert to appear for the deposition. Because $40 is the maximum allowed to be recovered as taxable costs, Sheriff Nocco's compensable costs for the expert appearance fee should be **$40**.

### D. Photocopying Fees

Sheriff Nocco requests $220.000 expended in subpoenaing Mr. Steffens's medical records and $168.73 for copying the records. (Doc. 88, p. 8). Costs for

6

subpoenaing Mr. Steffens's medical records are recoverable under section 1920(4) as "photocopying charges" so long as the records were necessarily obtained for use in the case. *See, e.g., Thayer v. Randy Marion Chevrolet Buick Cadillac*, No. 6:19-cv-784-GAP-LHP, 2021 WL 4994033 at *6 (M.D. Fla. Oct. 4, 2021). Sheriff Nocco argues obtaining the records was necessary to evaluate Mr. Steffens's claim for emotional damages in this litigation. (Doc. 88, p. 1). Thus, Sheriff Nocco's compensable costs for obtaining Mr. Steffens's medical records should be **$388.73**.

## III. CONCLUSION

It is **RECOMMENDED** that Sheriff Nocco's motion to tax costs be **GRANTED in part** and **DENIED in part**. Sheriff Nocco should receive an award of **$6,048.19** in taxable costs.

**ENTERED** in Tampa, Florida on April 21, 2022.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

7

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to request an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.