UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES D. STEFFENS,**

    **Plaintiff,**

v.                                       **Case No. 8:19-cv-1940-KKM-AAS**

**CHRISTOPHER NOCCO, in his official**
**Capacity as Pasco County Sheriff**

    **Defendant.**
_____/

## **REPORT AND RECOMMENDATION**

Defendant Sheriff Christopher Nocco requests this court award attorney's fees totaling $80,000. (Doc. 89, ¶ 6). Plaintiff James Steffens opposes the request. (Doc. 95). For the reasons stated below, the motion should be **DENIED**.

**I.   BACKGROUND**

Mr. Steffens initiated this action on August 6, 2019, alleging racial discrimination and unlawful employment practices. (Doc. 1). Mr. Steffens' complaint was dismissed on June 17, 2020, as a shotgun pleading with leave to amend. (Doc. 30). Mr. Steffens amended the complaint on July 8, 2020, alleging the same claims against all defendants. (Doc. 32). Counts III and V of the complaint were dismissed with prejudice at the motion to dismiss stage.

(Doc. 41). Counts II and IV were dismissed with prejudice at the motion for partial judgment stage. (Doc. 66).

Summary judgment for the remaining count I of the complaint was granted in favor of Sheriff Nocco, and the clerk entered judgment in favor of Sheriff Nocco. (Doc. 86). Sheriff Nocco then moved for attorney's fees and taxation of costs. (Docs. 88, 89). Mr. Steffens appealed the judgment (Doc. 91), and responded in opposition to Sheriff Nocco's request for fees (Doc. 95).

## II. ANALYSIS

Sheriff Nocco requests an award of $80,000 in attorney's fees. (Doc. 89, ¶ 6). This amount reflects fees accrued once the Amended Complaint was filed because Sheriff Nocco is not requesting his fees when Mr. Steffens was pro se. (Doc. 89, p. 2, n. 1).

### A. Entitlement

In considering a motion for attorneys' fees, "the threshold issue . . . is always entitlement." *Universal Physician Services, LLC v. Del Zotto*, No. 8:16-cv-1274-CEH-JSS, 2017 WL 343905, at *2 (M.D. Fla. Jan. 6, 2017). The principle that guides motions for attorney's fees is the American Rule: Each party must pay its own attorney's fees unless a statute or contract provides otherwise. *Baker Botts LLP v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (quotation and citation omitted). Florida follows this common law rule. *Price v. Tyler*, 890 So. 2d 246, 251 (Fla. 2004). "A party seeking to recover attorneys'

2

fees under Florida law bears the burden of establishing a contractual or statutory right to such an award." *Plum Creek Technology, LLC v. Next Cloud, LLC*, No. 8:19-cv-1974-TPB-CPT, 2020 WL 3317897, at *1 (M.D. Fla. June 3, 2020), *report and recommendation adopted*, 2020 WL 3288033 (M.D. Fla. June 18, 2020).

A prevailing party in an action asserting claims under Title VII, 42 U.S.C. § 1983 or 42 U.S.C. § 1985 is entitled to an award of attorney's fees. *See* 42 U.S.C. § 1988(b); 42 U.S.C. § 2000e-5(k). To award fees to a prevailing defendant, the action must be deemed "frivolous, unreasonable, or without foundation." *See Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 421 (1978); *Hughes v. Rowe*, 449 U.S. 5 (1980) (applying *Christiansburg* to 42 U.S.C. § 1988 to a § 1983 claim). A showing of bad faith is not required. *Christiansburg*, 434 U.S. at 419-21.

The Eleventh Circuit has four general guidelines in making determinations regarding frivolity: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits; (4) whether there was enough support for the claim to warrant close attention by the court. *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1301-02 (11th Cir. 2021) (quoting *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985)). These guidelines are generally referred to as

the "*Sullivan* guidelines." Sheriff Nocco asserts all four are met in the present case. (Doc. 89, p. 3).

### 1. Whether Mr. Steffens Established a Prima Facie Case

Sheriff Nocco asserts Mr. Steffens failed to establish a prima facie case because four of his five claims were dismissed with prejudice on the pleadings, and summary judgment was granted on the fifth count specifically for failure to establish a prima facie case. (Doc. 89, pp. 3–4). Indeed, the trial court noted: "The Court grants Sheriff Nocco's motion for summary judgment because Steffens fails to make out a prima facie case for discrimination." (Doc. 85, p. 17). Sheriff Nocco also relies on *Beach Blitz* and *Quintana* for support. (Doc. 89, p. 4); *Beach Blitz Co.*, 13 F.4th at 1301–02 (11th Cir. 2021); *Quintana v. Jenne*, 414 F. 3d 1306, 1309–10 (11th Cir. 2005) (upholding an award of fees where the district court granted summary judgment because the plaintiff failed to make a prima facie case).

Mr. Steffens contends Sheriff Nocco's reliance on *Beach Blitz* is misplaced because in *Beach Blitz*, all claims were dismissed at the motion to dismiss stage, not the summary judgment stage. (Doc. 95, pp. 5–6); *see also, Beach Blitz Co.*, 13 F.4th at 1293. The plaintiff in *Beach Blitz* also chose not to appeal the final judgment, which the court found persuasive in determining frivolity. *Beach Blitz Co.*, 13 F.4th at 1303.

4

Mr. Steffens asserts this distinction renders the present case more analogous to *Elver*. (Doc. 95, p. 6); *Elver v. Whidden*, Case No. 2:18-cv-102-JES-NPM, 2020 WL 91261 (M.D. Fla. Jan. 8, 2020). In *Elver*, summary judgment was granted in favor of the defendant, but the court nevertheless found the amended complaint was not frivolous despite the plaintiff's failure to show his dismissal was the result of other factors was not pretextual. *Elver*, 2020 WL 91261 at *2.

Similarly, Mr. Steffens asserts Sheriff Nocco's reliance on *Quintana* is misplaced because *Quintana* supports Mr. Steffens's argument against finding frivolity. (Doc. 95, p. 7-8); *Quintana v. Jenne*, 414 F. 3d 1306 (11th Cir. 2005). In *Quintana*, the court specified, "We explained that a "[p]laintiff should not be assessed fees . . . because a defendant can offer convincing non-discriminatory reasons for its actions." *Id.* at 1310 (quoting *EEOC v. Reichhold Chemicals, Inc.*, 988 F. 2d 1564, 1571–72 (11th Cir. 1993)).

In the present case, Mr. Steffens failed to make out a prima facie case by failing to show he suffered an adverse employment action, (Doc. 85, pp. 9–14), and failing to identify a similarly situated comparator. (Doc. 85, pp. 14–17). Such failures amount to failing to establish a prima facie case. *See U.S. Postal Serv. Bd. Of Governors v. Aikens*, 460 U.S. 711, 714 (1983) ("By establishing a prima facie case, the plaintiff in a Title VII action creates a rebuttable 'presumption that the employer unlawfully discriminated

5

against' him"); *see also, Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S. Ct. 1089, 1094 (1981), *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817 (1973).

Because Mr. Steffens failed to create a rebuttable presumption that Sheriff Nocco unlawfully discriminated against him, he failed to establish a prima facie case. Thus, the first *Sullivan* guideline weighs in favor of Sheriff Nocco.

### 2. Whether Sheriff Nocco Offered to Settle

Sheriff Nocco claims the second *Sullivan* guideline weighs in his favor because, despite participating in court-ordered mediation in good faith, Sheriff Nocco never made a monetary settlement offer. (Doc. 89, p. 4). Mr. Steffens confirms this assertion. (Doc. 95, pp. 9–10) ("The Plaintiff was informed, out of the gate, that there would be nothing offered by Defendant, however Plaintiff continued to negotiate during the mediation, in good faith").[1]

The absence of a settlement offer from the Sheriff Nocco supports his contention that the claim was frivolous. *Sullivan,* 773 F. 2d at 1189 ("Factors considered important in determining whether a claim is frivolous also include. . . (2) whether the defendant offered to settle") (emphasis added). Thus, the

---

[1] Mr. Steffens contends *his* settlement offer to Sheriff Nocco during mediation eliminates this guideline. (Doc. 95, p. 10). However, *Sullivan* only discusses whether the defendant made a settlement offer, not the plaintiff. *Sullivan,* 773 F. 2d. at 1189.

6

second *Sullivan* guideline is present in favor of Sheriff Nocco.

### 3. Whether the Court Dismissed the Case Prior to Trial or Held a Trial on the Merits

Sheriff Nocco asserts the third Sullivan guideline weighs in his favor because all of Mr. Steffens's claims were dismissed prior to a trial. (Doc. 89, p. 4); (Docs. 41, 66, and 85). Frivolity findings are typically sustained when a case is dismissed on summary judgment. *Sullivan*, 773 F. 2d at 1189. Mr. Steffens asserts that because he is appealing the summary judgment, the ultimate issue remains undetermined as to the appellate court and therefore the third *Sullivan* factor is not yet present. (Doc. 95, p. 10). Mr. Steffens cites to no authority supporting this contention. Further, appealing would not affect the third *Sullivan* factor because the guideline concerns whether the *trial court* dismissed the case prior to a trial. *Sullivan,* 773 F. 2d at 1189 (emphasis added). The *Sullivan* guidelines make no mention of an appeal changing these considerations. Thus, the third *Sullivan* guideline is present in favor of Sheriff Nocco.

### 4. Whether the Claim Warranted Close Attention by the Court

The fourth factor for consideration concerns whether the claims asserted warranted close attention by the court. "[T]he plaintiff's . . . claims should not be considered groundless or without foundation for the purpose of an award of fees in favor of the defendants when the claims are meritorious enough to

7

receive careful attention and review." *Beach Blitz Co.*, 13 F.4th at 1302 (quoting *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991)). Even if the other three *Sullivan* guidelines are present in favor of a defendant, this court may not award fees if the claims asserted warranted close attention. *Beach Blitz Co.*, 13 F.4th at 1302; *Cordoba v. Dillard's Inc.*, 419 F.3d 1169, 1181-82 (11th Cir. 2005).

Sheriff Nocco asserts this factor weighs in his favor because the claims asserted by Mr. Steffens lacked merit and were not supported by case law. (Doc. 89, p. 5). Indeed, the court in *Beach Blitz* found the element was present when the claims did not involve a novel area of law nor was there any case law supporting the claims. *Beach Blitz Co.*, 13 F.4th at 1303. Sheriff Nocco asserts the claims alleged by Mr. Steffens did not require close attention because they were entirely without merit. (Doc. 89, pp. 6–7). Sheriff Nocco highlights how Mr. Steffens's purported reasoning for the ending of his employment was because of his interracial relationship, even though the relationship was disclosed two years prior, Mr. Steffens never experienced any other alleged adverse employment actions during those two years, and Mr. Steffens was replaced by a lieutenant who was also in an interracial relationship. (Doc. 89, pp. 7–9).

Sheriff Nocco also asserts Mr. Steffens's claims contravene long-established case law. (Doc. 89, p. 6). Sheriff Nocco contends that Mr. Steffens's

8

§ 1985 claim ignored the intra-corporate conspiracy doctrine, which confirms the Sheriff's Office cannot conspire with its own employees. (Doc. 89, p. 6). Mr. Steffens only offered a case from the First Circuit, which has never been adopted by the Eleventh Circuit, in support of his claim. (Doc. 89, p. 6). Finally, the only comparator Mr. Steffens offered in support of his racial discrimination claim did not fit the requirements of a comparator as outlined in long-established case law. (Doc. 89, p. 9).

Mr. Steffens contends the case has warranted special attention because the claims concerned an elected state official possibly committing violations of federal law. (Doc. 95, p. 15). Mr. Steffens further outlines various facts supporting his claim that he has developed through discovery and argues that, despite the disposition of his final claim at summary judgment, the claim nevertheless has enough support to avoid being deemed frivolous or baseless. (Doc. 95, pp. 13–14).

The claim did indeed require careful attention and review, despite its disposition at the summary judgment stage. The claims asserted underwent multiple rounds of motions to dismiss and amendments, and the order granting summary judgment reflects careful attention to the facts and arguments presented by both parties. Furthermore, it was not obvious from the outset of the litigation that the claim was frivolous. *See, e.g., PBT Real Estate, LLC v. Town of Palm Beach*, 2021 WL 5157999 at *3 (11th Cir. Nov. 5, 2021)

(including consideration of whether the claim was obviously frivolous when the litigation first began persuasive to this guideline).

Mr. Steffens outlines numerous facts in support of his claim obtained through depositions, (Doc. 95, pp. 13–14), and Count I in his complaint survived until summary judgment. Importantly, Mr. Steffens did in fact provide case law supporting his claim in his motion opposing summary judgment. (Doc. 83). Because the absence of this element means fees may not be recovered, Sheriff Nocco's request for attorney's fees should be denied.

### III.   CONCLUSION

It is **RECOMMENDED** that Sheriff Nocco's request for attorney's fees (Doc. 89) should be **DENIED**.

**ENTERED** in Tampa, Florida on April 21, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to request an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.